**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Jane Doe, *Plaintiff*, v. Driveline Retail Merchandising, Inc., *Defendant*. | Case No. 1:24-cv-04674 Jury Trial Demanded |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE PSEUDONYMOUSLY**

Plaintiff Jane Doe, through undersigned counsel, seeks leave of this Court to proceed pseudonymously as "Jane Doe" and in support of her motion states as follows:

1. Plaintiff is a sexual assault survivor and seeks to proceed anonymously.

2. Federal Rule of Civil Procedure 10(a) requires every complaint to "name all the parties." Fed. R. Civ. P. 10(a). But this rule has exceptions. *See Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (A party seeking to proceed by pseudonym must "show[] that the harm to the [party] … exceeds the likely harm from concealment.")

3. In *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997), the Seventh Circuit observed that "[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims and other particularly vulnerable parties or witnesses."

4. Here, among other things, Plaintiff alleges that she was raped by her supervisor. This case therefore falls squarely into one of the exceptions listed by the Seventh Circuit.

5. Furthermore, the harm that Plaintiff would suffer in exposing her identity and history of sexual trauma is great. This matter is likely to be highly contentious and delve into matters triggering social stigma. The disclsoure of Plaintiff's name is likely to derail her attempts to find work in the future. Potential employers will simply google her name and discover that she is the face of a sexual

assault lawsuit treading on highly sensitive issues about her personal life. At this stage, there is no reason to subject her and her family to ridicule, shame, and negative financial outcome. *See Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (allowing plaintiff to proceed under pseudonym where she may be exposed to harassment).

6. The harm to Driveline, in contrast, is minimal. When "[d]efendants are aware of the [p]laintiffs' identities and thus not barred from conducting a full range of discovery in building a defense for trial […] none of the normal harms threatened to defendants when plaintiff proceed anonymously are present." *Plaintiff B v. Francis*, 631 F.3d 1310, 1319 (11th Cir. 2011).

7. Despite filing under a pseudonym, the undersigned have had considerable pre-suit communications with Defendant's counsel. Defendant is well aware of Plaintiff's identity and will not be impeded in obtaining discovery. It is not Plaintiff's goal to gain an unfair advantage, but to protect herself and her identity.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter an order allowing Plaintiff to proceed psuedonymously as "Jane Doe" and for all other relief that the Court deems just and proper.

June 5, 2024

Max P. Barack (IARDC No. 6312302)
max@garfinkelgroup.com
THE GARFINKEL GROUP, LLC
701 N. Milwaukee Ave., The CIVITAS
Chicago, IL 60642
(312) 736-7991

Francisco Fernandez del Castillo
francisco@delcastillolawgroup.com
DEL CASTILLO LAW GROUP, LLC

Respectfully Submitted

JANE DOE

/s Max Barack
One of Plaintiff's Attorneys

11 E Adams Street
Suite 1401
Chicago, IL 60606
312 216 0111