UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jane Doe,<br><br>    *Plaintiff,*<br> v.<br><br>Driveline Retail Merchandising, Inc.,<br><br>    *Defendant.* | Case No. 1:24-CV-04674<br><br>Jury Trial Demanded |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO
REQUESTS FOR PRODUCTION**

Plaintiff moves this Court for an order compelling Defendant to produce documents responsive to her requests for production (RFPs Nos. 23-26) and in support of her motion states as follows:

**INTRODUCTION**

This motion arises from a sexual harassment and hostile environment case, unusual in some respects. It is unusual with respect to the severity of the conduct alleged (the conduct alleged includes a rape) and unusual with respect to geographic scope. The geographic scope of the hostile work environment includes without limitation Illinois, Indiana, Wisconsin, Ohio, Michigan, Ohio, Pennsylvania, and Tennessee.

This motion, however, is about a discovery dispute. The dispute is as follows: Plaintiff worked on a travel team under Supervisor Michael Carter (her harasser). Michael Carter had two phones: a work phone and a personal phone. The personal

1

phone was used for both business and personal communications.[1] The work phone, notwithstanding the fact that it was employer-issued, was used for both business and personal communications. At issue here is the ESI on Carter's personal phone. Plaintiff says it should be produced; Defendant objects that it can't produce what it does not have and that Carter's personal phone is not in its possession custody or control under Rule 34 of the Federal Rules of Civil Procedure. The parties' impasse concerns four document requests (RFP 23-26) that target the data stored on Michael Carter's personal mobile device. Those requests, reproduced below, go to the heart of Plaintiff's claims and—because Carter habitually used his own phone to manage the travel team—fall squarely within Driveline's Rule 34 "possession, custody, or control." To date, Driveline has produced nothing responsive to any of the four requests:

| RFP | Subject of the Request | Status of Driveline's Response | Relief Sought |
|---|---|---|---|
| 23 | **All documents / ESI on Michael Carter's phone(s) relating to Plaintiff** (e.g., texts, chats, call logs, voicemails, photos, videos, calendar entries). | Blanket relevance/possession objections. No collection or production; no hit-report; | 1. Forensic image of every device Carter used during the Relevant Time Period. 2. Targeted search for Plaintiff-related ESI. |
| 24 | **All documents / ESI on Michael Carter's phone(s) relating to sexual harassment.** | Same objections; nothing produced. | Same imaging and production protocol as RFP 23, limited to harassment-related content. |
| 25 | **All documents / ESI on Michael Carter's phone(s) sent to or from Terrence** | Same objections; nothing produced. | Same imaging and production protocol as RFP 23, limited to |

---

[1] Plaintiff is prepared to submit documents produced in discovery for *in camera* review to document her assertions about the dual uses of Carter's phone or, in the alternative, file them as an exhibit under seal.

| RFP | Subject of the Request | Status of Driveline's Response | Relief Sought |
|---|---|---|---|
| | **Arnold** (a key witness for Plaintiff) | | Carter-Arnold communications. |
| 26 | **All ESI containing any Appendix A keyword** (e.g., misogynistic or pornographic terms) sent or received by Carter. | No keyword search run; no hit-report; nothing produced. | Direct Driveline to apply the Appendix A keyword list to the imaged data and produce all responsive hits |

## LOCAL RULE 37.2 STATEMENT

Pursuant to Northern District of Illinois Local Rule 37.2, undersigned counsel certifies that Plaintiff has in good faith attempted to confer with Defendant to resolve the discovery issues raised in this motion without court action, including two telephonic conferences. Despite these efforts, the parties remain at an impasse. Accordingly, Plaintiff now seeks the Court's assistance.

## LEGAL STANDARD

The Seventh Circuit applies a simple rule when it comes to deciding whether a document is in a party's possession, custody or control. Possession, custody, or control attaches when a party has the "legal right" to obtain the document at issue. *See Chaveriat v. Williams Pipe Line Co.* 11 F .3d 1420, 1427 (7th Cir. 1993) ("The fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite."); *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004) ("On the issue of control, the test is whether the party has a legal right to obtain [the evidence]."). Whether a party has a legal right to obtain the information at issue depends on, among other things (and as relevant here), state

3

law.[2]

## ARGUMENT

1. **The law of agency governs Driveline's right to obtain ESI on Carter's phone.**

When determining whether a party has a legal right to obtain evidence, Courts look to the law of agency. For example, in *CampaignZERO, Inc. v. Staywoke, Inc.*, the court rejected a non-profit's attempt to avoid discovery of e-mails and texts held in the personal accounts of its volunteer leaders. 2021 WL 1020987, at *7–8 (N.D. Ill. Mar. 17, 2021). Relying on traditional agency doctrine, the court held that the volunteer leaders were agents whose records were within the organization's "possession, custody, or control" for Rule 34 purposes. *Id.* (citing Restatement (Second) of Agency § 225 and noting that an agent's materials are imputable to the principal). Likewise in *Mantha v. QuoteWizard.com, LLC*, the Court looked to the Restatement of Agency to hold that the defendant had the legal right to obtain data from a third-party vendor that was acting as its agent. *Mantha v. QuoteWizard.com, LLC*, No. 19-12235-LTS, 2021 U.S. Dist. LEXIS 50021, at *10-12 (D. Mass. Mar. 16, 2021). Similarly, in DR Distribs., LLC v. 21 Century Smoking, Inc., 513 F. Supp. 3d 839, 893 (N.D. Ill. 2021) the court relied on agency principles to conclude that documents were in a defendant's possession, custody, or control under Rule 34. Finally, in *John v. Essentia Insurance Co.*, the court again grounded its Rule 34

---

[2] *See, e.g., People ex rel. Raoul v. Monsanto Co.*, No. 22 C 5339, 2023 WL 4083934, at *4–6 (N.D. Ill. June 20, 2023) (granting motion to compel and holding that, under Rule 34, the Illinois Attorney General had "control" over documents held by state agencies because his constitutional and statutory authority gave him the legal right to obtain those records, emphasizing that control "usually aris[es] from statute, affiliation or employment").*Wigington v. Metro. Nashville Airport Auth.,* No. 3:17-cv-01523, 2019 U.S. Dist. LEXIS 237931, at *10–12 (M.D. Tenn. May 31, 2019) (airport authority deemed to control commissioners' work texts and emails on their personal devices because the commissioners constitute the authority and Tennessee public-records law obliges the authority to obtain and disclose those communications)

4

analysis in agency principles, explaining that if a third party was the litigant's agent, the principal could "direct [the agent] to furnish the [records]" because, as a matter of law, those documents fell within the principal's "possession, custody, or control." 2024 U.S. Dist. LEXIS 105024, at *26 (D. Md. June 13, 2024) (citing *Restatement (Third) of Agency* § 8.12 cmt. d; *Benisek v. Lamone*, 320 F.R.D. 32, 34 (D. Md. 2017); *Perini Am., Inc. v. Paper Converting Mach. Co.*, 559 F. Supp. 552, 553 (W.D. Wis. 1983)). Thus to determine whether Driveline has a legal right to obtain the ESI on Carter's personal phone, we must look to the law of agency.[3]

## 2. Driveline has the legal right to obtain work-related ESI from Michael Carter even when it is kept on a personal device.

Michael Carter is a Driveline employee and therefore an agent of the company. *Shager v. Upjohn Co.*, 913 F.2d 398, 404 (7th Cir. 1990) ("All employees are agents."). As such, he owes Driveline the fiduciary duty to "use reasonable efforts to provide the principal with information" relevant to the business entrusted to him, absent a superior conflicting obligation. *Restatement (Third) of Agency* § 8.11 & cmt. b (2006); see also *Restatement (Third) of Agency* § 8.12 cmt. d (agent must "maintain records of dealings on the principal's behalf and provide them to the principal on demand"). That duty extends to electronically stored information on a personal device when the data were created in the course of employment. Courts have applied these rules in the context of discovery disputes to determine that documents held by an

---

[3] Because Carter supervised a "travel team," he and Plaintiff carried out Driveline work in multiple jurisdictions including Illinois, Indiana, Wisconsin, Ohio, Michigan, Pennsylvania, and Tennessee. A survey of those states' supreme-court decisions confirms that each regularly employs the *Restatement (Second) of Agency* (and, where relevant, the *Restatement (Third) of Agency*) when defining a principal's rights and an agent's duties. Counsel verified this uniform practice via a Boolean search—Restatement /11 Agency—limited to opinions of the highest court in every listed state; every court returns multiple precedents citing the Restatements for core agency propositions. In short, whichever state's law applies, the controlling authority looks to the Restatement, and the agency principles outlined here govern Driveline's right to obtain the ESI on Carter's personal phone.

agent were in the possession custody or control of principals. J*ohn v. Essentia Insurance Co.* is illustrative here. There the court reaffirmed that "[f]rom a legal standpoint" records retained by an agent are deemed to be within the principal's control, so the principal "could have directed [the agent] to furnish" the documents on demand. 2024 U.S. Dist. LEXIS 105024, at *26–27 (D. Md. June 13, 2024) (citing *Restatement (Third) of Agency* § 8.12 cmt. d and collecting supporting authority). These decisions underscore that, where an employee or third-party service provider acts as an agent, any business-related ESI that resides on the agent's personal device or system remains subject to the principal's Rule 34 "possession, custody, or control." Thus what matters here is not what kind of device was used, personal or employer-issued—it matters not. What matters is what kind of communications are being sought.

Accordingly, Courts have required the production of work-related communications even when they are to be found on employees' personal devices. Courts routinely treat text messages that employees send or receive on their privately-owned phones as squarely within the employer's "possession, custody, or control" when the messages concern the employer's business. *See Sage Prods., Inc. v. Chemrite Copac, Inc.*, 2021 U.S. Dist. LEXIS 219454, at *5-6 (N.D. Ill. Nov. 12, 2021) (ordering defendant to collect and produce "all responsive texts" from employees' personal devices because they discussed the packaging project at issue); *Union Home Mortg. Corp. v. Jenkins*, 2021 U.S. Dist. LEXIS 54129, at *8-9 (N.D. Ohio Mar. 23, 2021) (rejecting corporate defendant's control objection and compelling production of personal-phone texts that "plainly relate to the challenged solicitation of customers"). The same principle animated the sanctions decision in *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, No. 3:12-md-02385-DRH-SCW, 2013 U.S. Dist. LEXIS 173674, at *20-21 (S.D. Ill. Dec. 9, 2013), where the court held that "the duty to

preserve and produce extends to business texts stored on employees' personal cell phones" and sanctioned the defendant for failing to collect them.

These rulings are especially pertinent in hostile-work-environment and sexual-harassment cases, where informal, one-to-one communications are often the primary evidence of the alleged misconduct and of management's response. Because Carter used his personal phone for Driveline business, any messages on that device that mention travelling-team assignments, lodging arrangements, or plaintiff's harassment complaints fall within Driveline's Rule 34 "control" and must be produced, just as in *Sage Prods.*, *Union Home*, and *Pradaxa*. Driveline therefore cannot shield those messages merely by pointing to the phone's private ownership; agency law and uniform federal practice require their production.

## CONCLUSION

For the above reasons, Plaintiff's Motion to Compel Responses to Requests for Production should be granted.

Dated: June 13, 2025    Respectfully Submitted:


/s Francisco Fernandez del Castillo

Del Castillo Law Group, LLC
11 E Adams Street #1401
Chicago, IL 60603
francisco@delcastillolawgroup.com
(312)-216 0111

*One of Plaintiff's Attorneys*

7