IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| DRIVELINE RETAIL MERCHANDISING, INC., | § | |
| | § | |
| *Defendant.* | § | Civil Action No. 1:24-CV-04674 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RESPONSES TO REQUESTS FOR PRODUCTION**

Defendant Driveline Retail Merchandising, Inc. ("Driveline") respectfully submits this response in opposition to Plaintiff Jane Doe's ("Plaintiff") Motion to Compel Responses to Requests for Production. In support of this opposition, Defendant states as follows:

**I.   INTRODUCTION**

Plaintiff's motion seeks to compel the production of electronically stored information (ESI) from the personal mobile device of Michael Carter ("Carter"), a Driveline employee. Driveline opposes this motion on several grounds including: (1) the requested ESI from Carter's personal mobile device is not within Driveline's possession, custody, or control as defined by Rule 34 of the Federal Rules of Civil Procedure because Driveline has no legal right to obtain the information; and (2) there is no need to compel the requested ESI from Carter's personal cellular device because Plaintiff has already produced the relevant documents and Driveline is in the process of searching for and producing relevant, non-privileged documents found on Carter's work mobile device. Notably, Plaintiff's motion fails to address the important privacy concerns relating to Carter's personal cell phone, and fails to establish the basis for Driveline to demand a broad search of Carter's personal phone that could result in disclosing irrelevant information entirely unrelated to the claims at issue in

1

this case. Plaintiff's desire is transparent – she is seeking unfettered access to a Driveline employee's personal cell phone as fishing expedition for anything to smear him, and by extension, Driveline.

Accordingly, Driveline respectfully requests the Court deny Plaintiff's motion to compel the production of request Nos. 23-26 recognizing Carter's personal mobile device is not within Driveline's possession, custody, or control.

## II. FACTUAL BACKGROUND

### A. Plaintiff's First Set of Requests for Production and Deficiency Letter

On October 19, 2024, Plaintiff served her First Set of Requests for Production ("RFP") on Driveline. *See* Exhibit A, Plf's First Set of RFPs to Driveline, Oct. 19, 2024. Relevant to this dispute, Plaintiff's RFPs failed to define "phone(s)." On January 10, 2025, Driveline served its Objections and Responses to Plaintiff's RFPs. *See* Exhibit B, Driveline's Obj. and Resp. to Plf's First Set of RFPs, Jan. 10, 2025.

On April 9, 2025, Plaintiff served a deficiency letter to Driveline. Pertinent to the present discovery dispute, Plaintiff claimed Driveline did not provide "substantive responses to [Plaintiff's] discovery requests concerning electronically stored information (ESI) on Michael Carter's phone. This includes Interrogatories Nos. 8 and 9 and Requests for Production Nos. 23 through 26." *See* Exhibit C, F. del Castillo letter to D. Bracken, Apr. 9, 2025. Additionally, Plaintiff indicated Driveline should have preserved text messages from employee's personal cell phones. *Id.* The below chart provides the Requests and Objections/Responses at issue:

| RFP No. | Request for Production | Driveline's Obj. & Resp. |
|---|---|---|
| 23 | All documents/ESI on Michael Carter's phone(s) relating to Plaintiff. | Driveline objects to this Request to the extent that Plaintiff has failed to meet and confer in compliance with local rules to discuss the discovery of electronic information including the specific need for such discovery and the suitability of alternative means for obtaining the information; the search methodology and terms to be used; the format for production of ESI; and the reasonable scope of such discovery. |

| | | |
|---|---|---|
| | | Driveline objects to this request as the same seeks the production of documents and electronically-stored information not in Driveline's possession, custody, or control. *See MSP Recovery Claims, Series LLC v. Mallinckrodt ARD, Inc.*, No. 20 CV 50056, 2020 WL 3618679, at *1 (N.D. Ill. July 2, 2020) (citations omitted) ("[I]t is well-settled that a party need not have actual possession of the documents to be deemed in control of them; rather, the test is whether the party has the legal right to obtain them. The party seeking production of documents bears the burden of establishing the opposing party's control over those documents."). <br><br> Driveline further objects to this request as the same seeks information that is obtainable by other forms of discovery that are more convenient and less burdensome. <br><br> Driveline further objects to this request as the same is not limited by time. <br><br> Subject to the foregoing objections, **Defendant will supplement once the parties have properly conferred regarding the discovery of electronic information.** (emphasis added) |
| 24 | All documents/ESI on Michael Carter's phone(s) relating to sexual harassment. | Driveline objects to this Request to the extent that Plaintiff has failed to meet and confer in compliance with local rules to discuss the discovery of electronic information including the specific need for such discovery and the suitability of alternative means for obtaining the information; the search methodology and terms to be used; the format for production of ESI; and the reasonable scope of such discovery. <br><br> Driveline objects to this request as vague and ambiguous as it is unclear what documents/ESI would be considered as "relating to sexual harassment." <br><br> Driveline objects to this request as the same seeks the production of documents and electronically-stored information not in Driveline's possession, custody, or control. *See MSP Recovery Claims, Series LLC v. Mallinckrodt ARD, Inc.*, No. 20 CV 50056, 2020 WL 3618679, at *1 (N.D. Ill. July 2, 2020) (citations omitted) ("[I]t is well-settled that a party need not have actual possession of the documents to be deemed in control of them; rather, the test is whether the party has the legal right to obtain them. The party seeking production of documents bears the burden of establishing the opposing party's control over those documents."). <br><br> Driveline further objects to this request as the same seeks information that is obtainable by other forms of discovery that are more convenient and less burdensome. |

| | | |
|---|---|---|
| | | Driveline further objects to this request as the same is not limited by time.<br><br>Subject to the foregoing objections, **Defendant will supplement once the parties have properly conferred regarding the discovery of electronic information.** (emphasis added) |
| 25 | All documents/ESI on Michael Carter's phone(s) sent to or from Terrence Arnold. | Driveline objects to this request as overly broad and unduly burdensome as the same seeks the production of documents which are irrelevant to the claims and defenses asserted in this proceeding and the request is not proportional to the needs of the case.<br><br>Driveline further objects to this Request to the extent that Plaintiff has failed to meet and confer in compliance with local rules to discuss the discovery of electronic information including the specific need for such discovery and the suitability of alternative means for obtaining the information; the search methodology and terms to be used; the format for production of ESI; and the reasonable scope of such discovery.<br><br>Driveline objects to this request as the same seeks the production of documents and electronically-stored information not in Driveline's possession, custody, or control. *See MSP Recovery Claims, Series LLC v. Mallinckrodt ARD, Inc.*, No. 20 CV 50056, 2020 WL 3618679, at *1 (N.D. Ill. July 2, 2020) (citations omitted) ("[I]t is well-settled that a party need not have actual possession of the documents to be deemed in control of them; rather, the test is whether the party has the legal right to obtain them. The party seeking production of documents bears the burden of establishing the opposing party's control over those documents.").<br><br>Driveline further objects to this request as the same seeks information that is obtainable by other forms of discovery that are more convenient and less burdensome.<br>Driveline further objects to this request as the same is not limited by time.<br><br>Subject to the foregoing objections, **Defendant will supplement once the parties have properly conferred regarding the discovery of electronic information.** (emphasis added) |
| 26 | Produce any electronically stored information which contains any of the ASCII strings in Appendix A | Driveline objects to this Request to the extent that Plaintiff has failed to meet and confer in compliance with local rules to discuss the discovery of electronic information including the specific need for such discovery and the suitability of alternative means for obtaining the information; the search methodology and terms to be used; the format for production of ESI; and the reasonable scope of such discovery. |

| | | |
|---|---|---|
| | received or sent by Michael Carter. | Driveline further objects to this request on the basis that the same seeks the production of information which is irrelevant to the claims asserted in this proceeding.<br><br>Driveline objects to this request as the same seeks the production of documents and electronically-stored information not in Driveline's possession, custody, or control. *See MSP Recovery Claims, Series LLC v. Mallinckrodt ARD, Inc.*, No. 20 CV 50056, 2020 WL 3618679, at *1 (N.D. Ill. July 2, 2020) (citations omitted) ("[I]t is well-settled that a party need not have actual possession of the documents to be deemed in control of them; rather, the test is whether the party has the legal right to obtain them. The party seeking production of documents bears the burden of establishing the opposing party's control over those documents.").<br><br>Driveline further objects to this request as the same seeks information that is obtainable by other forms of discovery that are more convenient and less burdensome.<br><br>Driveline further objects to this request as overly broad and unduly burdensome as the request arguably encompasses a wide swath of documents and is disproportionate to the needs of the case.<br><br>Driveline further objects to this request as the same is not limited by time.<br><br>Subject to the foregoing objections, **Defendant will supplement once the parties have properly conferred regarding the discovery of electronic information.** (emphasis added) |

### B. Driveline's Response Letter and First Supplemental Objections and Responses

On April 16, 2025, Driveline responded to Plaintiff's deficiency letter addressing the concerns presented. *See* Exhibit D, D. Bracken response letter to F. del Castillo, Apr. 16, 2025. In particular, Driveline preserved Carter's work phone and computer, which are in the possession of Driveline's e-discovery vendor (e.g., a digital forensic professional), Graciela Rubio at Rubio Digital Forensics who has preserved the devices, is searching them using the search terms provided in Plaintiff's discovery requests, and is producing any responsive information. *Id.*

5

On May 21, 2025, Defendant served its First Supplemental Objections and Responses to Plaintiff's RFPs. Exhibit E, Driveline's First Supp. Obj. and Resp. to Plf's First Set of RFPs, May 21, 2025. Driveline's supplemental responses confirm it is in the process of reviewing and producing documents relevant to RFP Nos. 23 and 26, there are no documents relevant to RFP No. 24, and it cannot produce anything relevant to RFP No. 25 without obtaining the phone number from Plaintiff. *Id.* To date, Plaintiff has failed to provide Driveline with the needed phone number. Below is a chart of the Plaintiff's Requests and Driveline's First Supplemental Objections and Responses at issue:

| **RFP No.** | **Request for Production** | **Driveline's First Supp. Obj. & Resp.** |
|---|---|---|
| 23 | All documents/ESI on Michael Carter's phone(s) relating to Plaintiff. | Subject to and without waiving Driveline's above objections, **Defendant is in the process of producing documents responsive to this Request.** (emphasis added) |
| 24 | All documents/ESI on Michael Carter's phone(s) relating to sexual harassment. | Subject to and without waiving Driveline's above objections, after a diligent search, **no responsive documents to this Request have been located.** Defendant will supplement its discovery responses in the event responsive documents are located. (emphasis added) |
| 25 | All documents/ESI on Michael Carter's phone(s) sent to or from Terrence Arnold. | Subject to and without waiving Driveline's above objections, **Defendant cannot search for documents/ESI on Michael Carter's work phone sent to or from Terrance Arnold without having first received Terrance Arnold's phone number—which was requested from Plaintiff's counsel in a letter dated April 16, 2025.** (emphasis added). |
| 26 | Produce any electronically stored information which contains any of the ASCII strings in Appendix A received or sent by Michael Carter. | Subject to and without waiving Driveline's above objections, **Defendant is in the process of producing documents responsive to this Request.** (emphasis added) |

**III.** **ARGUMENT**

    **A. Carter's Privacy Rights Related to His Personal Cellular Device are Paramount.**

Compelling the production of ESI from Carter's personal phone raises significant privacy concerns that Plaintiff fails even to address. Courts have recognized the importance of protecting individuals' privacy rights, especially when personal devices are involved. The Supreme Court's decision in *Riley v. California* confirms that privacy concerns are a significant factor in determining whether a non-party employee's personal cell phone should be produced. *Riley v. California*, 573 U.S. 373, 401, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014). In *Riley*, the court emphasized the heightened privacy interest individuals have in their cell phones, noting that law enforcement officers must generally secure a warrant before conducting a search for data on a cell phone, even when the search is incident to an arrest. *Id.*

In addition, federal district courts in Illinois have consistently recognized privacy interest in personal cell phones. In *Matter of Search of Single-Fam. Home,* the court emphasized that individuals possess a stronger privacy interest in their cell phones than in typical containers, noting that cell phones hold the privacies of life. *Matter of Search of Single-Fam. Home*, 549 F. Supp. 3d 810, 820 (N.D. Ill. 2021); *see also United States v. Winn*, 79 F. Supp. 3d 904, 914 (S.D. Ill. 2015) (the court recognized the powerful possessory interest individuals have in their cell phones due to their capability to store immense amounts of personal and sensitive information); *see also Hibbert v. Schmitz*, No. 16-CV-3028, 2019 WL 8405217, at *16 (C.D. Ill. Feb. 7, 2019) (the court addressed the heightened privacy interest means that an individual's expectation of privacy in their personal cell phone is one that society is prepared to recognize as reasonable); *see also Shefts v. Petrakis*, 758 F. Supp. 2d 620, 631 (C.D. Ill. 2010) (illustrating an employer's control is limited to the equipment it provides and does not automatically extend to personal devices unless there is a clear policy indicating such control.) These cases

7

underscore the significant privacy concerns associated with cell phone searches, which must be balanced against the need for discovery in civil litigation.

Carter's personal cell phone undoubtedly contains personal communications and information that are not relevant to this litigation. Plaintiff requests a search on Carter's personal cell phone using broad sweeping search terms such as adult video, bikini, breast, butt, jerk, joke, kiss, pack of beers, tattoo, thong, and Beaver. *See* Ex. A, App'x A. There is no need to invade Carter's privacy interest in his personal cell phone to search for a slew of generic terms, especially because Plaintiff has access to relevant communications which have already been produced in this case.

Without a compelling reason to invade Carter's privacy, Driveline respectfully requests the Court deny Plaintiff's request to compel production of documents from Carter's personal cell phone in response to Requests Nos. 23-26.

### B. Driveline Does Not Have the Legal Right to Obtain Evidence from Carter's Personal Cellular Device.

Under Federal Rule 34, a party is only required to produce documents that are within its possession, custody, or control. Fed. R. Civ. P. 34. The Seventh Circuit has consistently held that possession, custody, or control requires a **legal right** to obtain the documents, not merely the ability to do so if the party tried hard enough. *See Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426-27 (7th Cir. 1993)("the fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control; **in fact it means just the opposite**.")(emphasis added)(quoted by Plaintiff); *see also Robinson v. Moskus*, 491 F. Supp. 3d 359, 364 (C.D. Ill. 2020) ("'[t]he test is whether the party has a legal right to control or obtain' the documents requested; a party's 'practical ability' to obtain the documents is irrelevant absent a legal right to do so.")(quoting *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1977) where test of whether the party has a legal right to control or obtain documents requested first articulated;

8

and *Boyd Group, Inc. v. D'Orazio*, No. 14-cv-7751, 2016 WL 5321262, a *4 (N.D. Ill. Sept 11, 2015) rejecting "practical ability" test and quoting *Chevariat*).

The distinction between practical ability and legal right is crucial and "[t]he **party seeking production of documents bears the burden** of establishing the opposing party's control over those documents." *MSP Recovery Claims, Series LLC v. Mallinckrodt ARD, Inc.*, No. 20 CV 50056, 2020 WL 3618679, at *1 (N.D. Ill. July 2, 2020) (emphasis added). In *Robinson*, the Central District of Illinois emphasized that even having the same counsel as a non-party does not confer a legal right to control or obtain documents from that third party. *Robinson*, 491 F. Supp. 3d at 365. The court stated, "A party who has the same counsel as a non-party does not have the legal right to control or obtain documents from that third-party." *Id.* Additionally, the court stated that "[a]lthough a document can be in the possession, custody, or control of a party where it has the power to order a non-party to surrender the document to them, the mere ability to ask a third-party for a document and receive it is not enough." *Id.* at 361.

Plaintiff argues that agency principles should compel Driveline to produce the ESI from Carter's personal phone. However, all of the cases cited by Plaintiff are distinguishable as they involved entirely different fact scenarios. For example, in *CampaignZERO, Inc. v. StayWoke, Inc.,* the court heard a motion to compel in the context of conducting limited and targeted discovery from a non-profit volunteer (not an employee) to support an objection to a preliminary injunction (not a motion to compel). *See generally CampaignZERO, Inc. v. StayWoke*, Inc., No. 20 C 6765, 2021 WL 1020987 (N.D. Ill. Mar. 17, 2021). In *Mantha v. QuoteWizard.com, LLC,* the District of Massachusetts heard a motion for reconsideration (not a motion to compel) in a consumer class action related to obtaining documents from a third-party (not an employee) where the company had already obtained some business documents from the other company (unlike the present case). *See generally Mantha v. QuoteWizard.com, LLC,* No. 19-12235-LTS, 2021 U.S. Dist. LEXIS 50021 (D. Mass. Mar. 16, 2021).

9

In *DR Distributors v. 21 Century Smoking, Inc.* the court heard dueling motions for summary judgment (not a motion to compel) relating to, among other things, an employer's duty to preserve evidence (which is not at issue in this motion). *See generally DR Distributors v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839 (N.D. Ill. 2021). Finally, in *John v. Essentia Insurance Co.*, the District of Maryland heard a motion for summary judgment (not a motion to compel) where there were no employee personal devices at issue (like there are in the present case). *See generally John v. Essentia Insurance Co.*, No. 23-310-PJM, 2024 U.S. Dist. LEXIS 105024 (D. Md. June 13, 2024).

Moreover, contrary to Plaintiff's position in footnote 2 of her Motion, neither *People ex rel. Raoul v. Monsanto Co.*, No. 22 C 5339, 2023 WL 4083924, at *4-6 (N.D. Ill. June 20, 2023) nor *Wigington v. Metro. Nashville Airport Auth.*, No. 3:17-cv-01523, 2019 U.S. Dist. LEXIS 237931, at *10-12 (M.D. Tenn. May 31, 2019) are applicable since both cases relate to the legal right of government officials and government agencies to obtain certain documents. Here, Driveline is a private company and Carter is an employee.

Plaintiff has failed to meet her burden to establish Driveline's control over Carter's personal cell phone, which is enough to deny Plaintiff's motion. As Driveline has consistently objected, it does not have the legal right to obtain ESI from Carter's personal phone, as it is not within Driveline's possession, custody, or control. Carter privately owns the phone, and Driveline has no authority to compel production from it. Even if Driveline had practical access to *work*-related data on Carter's personal cell phone, it does not equate to legal possession, custody, or control over the **entire device**.

Therefore, Driveline respectfully requests the Court deny Plaintiff's request to compel production from Carter's personal cell phone in response to Request Nos. 23-26 by finding Driveline does not have the legal right to compel information from Carter's personal cellular device.

### C. Driveline Does Not Have Possession, Custody, or Control Over Carter's Personal Cellular Device.

As much as Plaintiff may want it to be true, Driveline does not have possession, custody, or control of Carter's personal cell phone. The Northern District of Illinois' definition of "possession" supports the distinction between personal and work-issued devices and the legal right to obtain documents. In *Namuwonge v. Kronos, Inc.,* the court addressed the concept of possession and followed the "ordinarily understood" rule of the Illinois Supreme Court, holding possession "occurs when a person has or takes control of the subject property or holds the property at his or her disposal." *Namuwonge v. Kronos, Inc.,* 418 F. Supp. 3d 279, 283 (N.D. Ill. 2019), citing *People v. Ward*, 215 Ill. 2d 317, 325, 294 Ill. Dec. 144, 830 N.E.2d 556 (2005); *see also G.T. v. Samsung Elecs. Am., Inc.*, 760 F. Supp. 3d 665, 669 (N.D. Ill. 2024) (on appeal) (Although the concept of possession under Illinois law does not require exclusive control, the court clarified that possession occurs when someone exercises any form of control over data or holds it at their disposal.). Applying this definition and these principles, a personal phone would not be considered in an employer's custody or control where the employer does not exercise control over the personal phone or hold it at its disposal.

None of Plaintiff's cases support its position that Driveline has the legal right to obtain vaguely described ESI from Carter's personal cellular devices. For instance, Plaintiff cites *Sage Prods. v. Chemrite Copac, Inc.*, for the premise that text messages employees send or receive from their personal phones fit squarely within the employer's possession, custody, and control. *Sage Prods. v. Chemrite Copac, Inc.*, No. 19 CV 5308, 2021 U.S. Dist. LEXIS 219454, at *5-6 (N.D. Ill. Nov. 12, 2021); *see* Mot. at p. 6. In actuality, the court in *Sage Prods.* made its ruling based on relevance and undue burden objections, not on a possession, custody, or control objection, and did not discuss employee privacy rights related to personal phones. *See generally id.* Thus, *Sage Prods.* is inapplicable to the present analysis.

11

Similarly, *Union Home Mortg. Corp. v. Jenkins*, is inapplicable to this discovery dispute analysis. *Union Home Mortg. Corp. v. Jenkins*, No. 1:20cv2690, 2021 U.S. Dist. LEXIS 54129 (N.D. Ohio Mar. 23, 2021). The dispute in this Northern District of Ohio case relates to a third-party subpoena. *Id.* at *6. One of the arguments made by the third-party was that the personal emails, text messages, and social media messages of its employees were not within its possession, custody, or control and requiring production raised serious privacy concerns. *Id.* at *12. Contrary to Plaintiff's representation that the court compelled production of personal phone texts, in reality, the court required the third-party to produce responsive documents to the extent they were located on the **company's employees' business email accounts** and **directed the company to ask** its current employees to search for and provide for production of all relevant emails and text messages in their personal email and cell phone accounts responsive to the RFPs. *Id.* at *27. Here, Driveline is already in the process of reviewing and producing relevant documents within Carter's business device and email accounts and, at most, Driveline can ask Carter to search for relevant business documents in his personal devices, which only further evidences Carter's personal cell phone is not within Driveline's possession, custody, or control.

Lastly, in *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, includes history of repeated discovery violations and concerns about whether the company failed to preserve business-related texts. *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, No. MDL No. 2385, 2013 U.S. Dist. LEXIS 173674, at *3-6, *20-21 (S.D. Ill. Dec. 9, 2013). The court explained that a litigation hold does not necessarily apply to personal devices. *Id.* at *18. With all of its concerns, the court only ordered the production of business-related communications on personal devices. *Id.* at *60. Here, Plaintiff bears the burden and has failed to articulate requests specifically tailored to business related communications on Carter's personal cellular device.

Although Plaintiff claims she only seeks business information, her requests evidence she wants personal information as well. Even if Carter's personal phone was used for both personal and business communications, Driveline has no legal right to access personal communications unrelated to its business. Driveline has already indicated it is searching for and producing all relevant information related to RFP Nos. 23-26 that it is able to obtain. Even if Driveline were able to ask Carter to search his personal cell phone for business-related communication, it is not at Driveline's disposal and does not establish Driveline has possession, custody, or control over Carter's personal device.

Therefore, Driveline respectfully requests the court deny Plaintiff's motion to compel finding Carter's personal cellular device is not in Drivelines' possession, custody, or control.

### D. There is No Need to Compel the Requested ESI from Carter's Personal Cellular Device.

Plaintiff's motion fails to demonstrate the necessity of the requested ESI to the claims at issue. The requests are overly broad and seek information from Carter's personal cellular device that is not related to the allegations of sexual harassment and hostile work environment. Carter's privacy concerns outweigh any potential benefit in compelling production of the unspecified information requested from his personal cellular device, particularly when Plaintiff has already produced the relevant documents from her own records and Driveline will produce all relevant documents in its possession, custody, or control.

In *Hespe v. City of Chicago,* the court addressed the proportionality of discovery requests, explaining that defendants' request to perform a forensic inspection of the plaintiff's electronic devices was not proportional to the needs of the case because the plaintiff had already turned over all requested ESI. *Hespe v. City of Chicago*, No. 13 C 7998, 2016 WL 7240754, at *6 (N.D. Ill. Dec. 15, 2016). The court emphasized that, considering the plaintiff's privacy and confidentiality interests, the burden and

13

expense of inspecting the plaintiff's devices outweighed any potential benefit. *Id.* This case illustrates the balance courts must strike between the need for relevant information and the protection of privacy.

Here, based on Plaintiff's own admissions, she has already produced business information from Carter's personal cell phone. Since the relevant information has been produced, then the potential benefit of fishing for other information on Carter's personal device, especially without any greater specificity, is far outweighed by the burden and privacy concerns of the broad searches using vague and generic terms that Plaintiff wants to perform on Carter's personal cell phone.

Therefore, Driveline respectfully requests the Court deny Plaintiff's motion to compel production of RFP Nos. 23-26, finding production from Carter's personal cell phone unnecessary in light of documents produced and forthcoming.

## IV. CONCLUSION

For the foregoing reasons, Driveline respectfully requests that the Court deny Plaintiff's Motion to Compel Responses to Requests for Production Nos. 23-26. Driveline remains committed to complying with its discovery obligations and will continue to work in good faith to resolve any outstanding discovery issues.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Douglas C. Bracken*
Douglas C. Bracken (Texas No. 00783697)
(Admitted to the ND Ill.)
Collin Delano (Texas No. 24109801)
(Admitted *Pro Hac Vice*)
Tiffany A. Kahler (Texas No.24129466)
(Admitted *Pro Hac Vice*)
901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 777-4200
dbracken@krcl.com
cdelano@krcl.com
tkahler@krcl.com

-and-

Hal J. Wood (IL No. 6217069)
**KILPATRICK TOWNSEND & STOCKTON LLP**
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 606-3200
hwood@ktslaw.com

**ATTORNEYS FOR DRIVELINE RETAIL MERCHANDISING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, a copy of the forgoing document was filed electronically and served upon Plaintiff's counsel of record via the Court's ECF system.

*/s/ Douglas C. Bracken*
Douglas C. Bracken

15