# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Jane Doe,  *Plaintiff*, v.  Driveline Retail Merchandising, Inc.,  *Defendant*. | Case No. 1:24-cv-04674  Jury Trial Demanded |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff hereby requests that Defendant Driveline Retail Merchandising, Inc. produce the following documents within 30 days under rule 34 of the Federal Rules of Civil Procedure.

**DEFINITIONS**

1. "Communication" or "Communicated" means or refers to the transmission of information, facts, or ideas, including any correspondence, discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, note, memorandum, analog or digital recording, voicemail, e-mail message, telegram, computer file, computer disk, text (SMS) message, advertisement, or other form of exchange of words, whether oral or written. This Includes non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, or other correspondence sent or received by You to or from any entity, including files maintained or exchanged internally within Your business or between Your employees.

2. "Defendant" means or refers to Defendant Driveline Retail Merchandising, Inc.

3. "Document" means or refers to any Communications, writing, memoranda, notes of conferences or telephone conversations, reports, studies, notices, lists, and other data or data

compilations—Including ESI—stored in any medium from which information can be obtained.

4. "Electronically Stored Information" or "ESI" as used herein, means or refers to computer generated information or data, of any kind, stored on computers, file servers, disks, tapes, or other devices or media, or otherwise evidenced by recording on some storage media, whether real, virtual, or cloud-based.

5. "Including" means "Including, but not limited to"; "Includes" means "Includes, but not limited to."

6. "Metadata" means or refers to data about data, Including information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which Describes the characteristics, origins, usage, and validity of the electronic file as well as information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

7. "Native Data Format" means or refers to the format of ESI, whether structured or unstructured, in which it was generated and as used by the producing party in the usual course of its business and in its regularly conducted activities.

8. (i) Number: The use of the singular form of any word includes the plural and vice versa.

9. "Person" means or refers to any natural person, corporation, partnership, association, organization, joint venture, or other entity of any type or nature.

10. "Related To" or "Relating To" means to consist of, constitute, concern, describe, discuss, evidence, mention, regard, refer to, reflect, rely upon, use, or reference the matter described. The terms "relating to," "regarding," "concerning," "referring to," "describing," "evidencing," and "constituting" or used interchangeably herein.

11. Concerning: The term "concerning" means "relating to," "referring to," "describing," "evidencing" or "constituting." These terms are used interchangeably herein.

12. "Relevant Time Period" means or refers to the time period from June 8, 2022 to the present. Unless otherwise indicated, all Requests for Production shall be for the Relevant Time Period.

13. "You," "Your," or "Driveline" means or refers to Defendant, its parents, subsidiaries, successors, predecessors, and any entity in which it or its parents have a controlling interest, and its current and former employees, officers, directors, and all Persons acting or purporting to act on behalf of any of them.

## INSTRUCTIONS

14. The Person responding to a Request should have knowledge to respond to said questions. If another Person has superior knowledge on certain questions, that other Person should respond to that Request and be so designated. If such Person is unavailable, that Person should be fully Identified and the nature and scope of their knowledge and the reasons that such Person's knowledge is or is believed to be superior should be explained fully.

15. In responding to these Requests, furnish all information which is available to You and any information known by You, in Your possession, or appearing in Your records.

16. These are intended as continuing Requests, having with them a duty to timely supplement Your responses up until and throughout the course of trial. Information sought by these Requests that You obtain or Identify after You serve Your responses hereto must be disclosed to Plaintiff by supplementary responses.

17. It is intended by this set of Requests to elicit information not merely within Your knowledge or possession, but obtainable by You or on Your behalf.

18. You may not claim lack of information or knowledge as grounds for failing to respond to any Request or as grounds for giving an incomplete or partial response to any Request without exercising due diligence to secure the full information needed to do so.

19. If You cannot respond to a Request in full after exercising due diligence to secure the full information needed to do so, so state and respond to the extent possible, specifying Your inability to respond to the remainder, stating whatever information or knowledge You have concerning the portion to which You did not respond, and detailing Your attempts to secure the unknown information.

20. If any Request is objected to on the basis that the time period covered by the request is irrelevant, burdensome, or otherwise inappropriate, state what time period You consider proper for that Request and respond to the Request for that time period, preserving Your objection to the remainder of the time period.

21. All Documents, ESI, file systems, and digital media are to be produced in their respective Native Data Format with all associated Metadata intact and, if such electronic Documents or ESI are no longer available in their Native Data Formats for any reason, please Identify the reasons such Native Data Format Documents are no longer so available and the dates each such Document became unavailable.

22. Upon producing any Document requested herein, indicate which of the numbered Requests the Document is being produced in response to. You may do so by referencing Document numbers (*i.e.*, Bates stamp numbers). All Documents are to be produced in the form, order, and manner in which they are maintained in Your files. Documents are to be produced in the folders, cartons, or containers in which they have been maintained, stored, clipped, stapled, or otherwise arranged; in the same form and manner in which they were found; and in such a manner that the office and location from which they were produced is readily identifiable.

Whenever a Document or group of Documents is/are taken out of a file folder, file drawer, file box, or notebook, before the same is/are produced, attach thereto a copy of the label on the file folder, file drawer, file box, or notebook from which the Document or group of Documents was removed.

23. If any Document requested has been lost or destroyed since its creation, Identify the nature of the Document (*e.g.*, letter, email, etc.), the date of the Document, the Persons who sent and received the original and any copy of the Document, and a summary of the content of the Document, Describe when, where, how, and by whom said Document was lost or destroyed, and state the name of the Person(s) who last had custody thereof.

24. If, in responding to these Requests, You encounter any ambiguity in construing either the Request or any instruction relevant to the Request, You should nonetheless respond to the Request to the extent possible and Describe the matter deemed ambiguous.

25. If You object to producing all or any part of Documents sought by a Request on the ground of privilege or work product, Identify the privileged Document(s) or Communication(s), and with respect to each such privileged Document or Communication state:

    a. the date appearing on such Document, or if no date appears, the date on which such Document or ESI was prepared;
    b. the name of each Person to whom such Document or ESI was addressed;
    c. the name of each Person, other than the addressee(s) Identified in subparagraph (b) above, to whom such Document, ESI, or copy thereof was sent, or with whom such Document or ESI was discussed;
    d. the name of each Person who signed such Document or ESI; if not signed, the name of each Person who prepared it;
    e. the name of each Person making any contribution to the authorship of such Document or ESI;
    f. the date such Document or ESI was received or discussed by each Person Identified in subparagraphs (b) or (c) above;
    g. the general nature or description of such Document or ESI and, where applicable, its number of pages;
    h. the name of each Person who currently has custody of such Document or ESI; and

      i. the specific ground(s) upon which the privilege or work product rests.

26. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring any information within the scope of a Request which might otherwise be construed to be outside of the scope.

27. The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular, whichever makes the Request most broad.

28. As used herein, the present tense shall also include the past tense.

29. Attachments: e-mail attachments and embedded files must be mapped to their parent by the Document or production number. If attachments and embedded files are combined with their parent Documents, then "BeginAttach" and "EndAttach" fields listing the unique beginning and end number for each attachment or embedded Document must be included.

30. Bates Numbering: each page of a produced Document, or media upon which ESI in Native Data Format is produced, shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto or associated with the media or image in such a manner that information from the source Document is not obliterated, concealed, or interfered with. There shall be no other legend or stamp placed on the Document image unless a Document qualifies for confidential treatment pursuant to the terms of a protective order in this litigation, or has been redacted in accordance with applicable law or Court order. To the extent native files are produced, the producing party must name the native file with the applicable Bates number(s).

31. Metadata must be provided in connection with ESI requested, Including file, application, and system Metadata.

32. Production of Paper Documents: paper-based original Documents (*i.e.*, Documents which were not first generated by a computer, such as hand written memoranda) shall be produced in hard copy manner.

33. For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Requests shall be resolved so as to construe these Requests as broadly as possible. Defined terms need not be capitalized terms to retain their defined meaning.

### Instructions on Searching for and Production of ESI

34. Where ASCII search strings are sought, Defendants are directed to search for responsive ESI by running a system-wide keyword search using the ASCII search strings identified below in Plaintiff's ESI requests. Unless otherwise noted, defendant should search for ASCII strings by searching for ESI where the ASCII characters appear in exactly the order specified. In other words, if the string sought is qwerty asdfgh defendant should search for ESI in which exactly those letters and spaces appear in exactly that order. Only if the demand expressly so requests, should defendant search for all ESI in which both qwerty and asdfgh appear. Under no circumstances should defendant search for ESI in which other combinations of the same characters appear.asdf

35. Where image files are sought, Defendants are directed to search for responsive ESI by running a system-wide search for potentially responsive files, and produce such files.

36. Where sound and video recording files are sought, Defendants are directed to search for responsive ESI by running a system-wide search for any other potentially responsive files, and produce such responsive files.

37. When a system-wide search is not possible, explain why, and what types of searches are possible.

38. ESI may generally be produced in the least expensive searchable format. Searchable PDF or TIF files are acceptable. When emails are produced their full header must be visible.

**EXHIBIT A - Page 7 of 16**

39. ESI which must be produced in native format are: standard image file formats, standard audio or video recording files and standard spread sheet files. If such Electronically Stored Information is stored in proprietary non-standard files we will ask you to translate or convert the files to a standard format.

40. Digital files may be produced via e-mail to the email address below or by delivering a disk to the undersigned address.

41. If an email is responsive to a demand, defendant must produce the entire chain.

42. Native paper documents may be produced as scanned .tif or .pdf files (by email or on disk), or may be produced as paper copies.

43. To the extent these instructions contradict a written agreement among the parties or a court order such agreement or order shall be supersede these instructions.

### REQUESTS FOR PRODUCTION

1. All documents referenced or relied upon in drafting Your answers to Plaintiff's First Set of Interrogatories.

2. Any documents that were or will be reviewed by testifying experts in this case.

3. Any insurance agreements under which an insurance business may be liable either to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy a judgment.

4. Any documents, reports or other written records pertaining to any investigation, whether conducted by Defendant or not, pertaining to this lawsuit that is not privileged by law.

5. Any documents that may be used at trial.

6. Any complaints, lawsuits, demands, or other inquiries relating to allegations that female employees experiencing sexual harassment.

7. All documents relating to Michael Carter, including without limitation, his personnel file, his hiring, complaints from his subordinates, documents to and from your human resources department concerning Michael Carter.

8. Any documents written by any expert designated by Defendant relating to said expert's field of expertise or the subject matter of the expert's anticipated testimony.

9. All affidavits, sworn statements, notes, and other documents sent to, received from, or otherwise relating to any person you intend to call as a witness at trial, either in person, through deposition testimony, or through an affidavit.

10. All documents relating to employees that were accused of sexual harassment.

11. All employee manuals, handbooks, or other documents reflecting the general employment terms, conditions, or duties Plaintiff had while employed by you.

12. All documents you provided to any state agency regarding Plaintiff.

13. All documents relating to the terms and conditions of Plaintiff's employment with you and any change in Plaintiff's job duties or positions, including but not limited to her entire personnel files, offer letters, contracts, agreements, memoranda, policies, handbooks, performance reviews, performance improvement plans, warnings, disciplinary actions, termination notices, resignation letters/emails, and promotion letters/emails.

14. All documents that relate to compensation plans and methods or procedures for determining the compensation of Plaintiff, including without limitation, pay, benefits, and stock vesting.

15. All documents and communications submitted to or received from the IHRA, relating to Plaintiff's charge of discrimination.

16. All documents relating to any sexual harassment, equal opportunity and/or discrimination training or education you provide to your employees, including but not limited to policies, training materials, videotapes, records of training attendance, and handbooks.

17. All documents relating to any formal or informal complaints, grievances, or reports of sexual harassment or gender discrimination or retaliation that any current or former employees, including Plaintiff have made to or about you. This request includes, but is not limited to, any complaints filed with the EEOC, state or local government agency, or federal or state court.

18. All documents and communications related to your investigation into Plaintiff's discrimination and retaliation claims, including but not limited to witness statements, reports, or resulting actions by you.

19. All documents that relate to the policies and procedures for raising a complaint of gender discrimination/ retaliation or sexual harassment and all documents that refer or relate to your procedures for investigating and addressing such complaints.

20. All documents/communications to or from any member of your human resources department relating to sexual harassment by Michael Carter or complaints of sexual harassment by members of Michael Carter's team.

21. All documents relating to each expert you intend to call as a witness at trial, including but not limited to resumes, curriculum vitae, reports, and all documents and communications sent to or received from each expert.

22. All affidavits, sworn statements, notes, and other documents sent to, received from, or otherwise relating to any person you intend to call as a witness at trial, either in person, through deposition testimony, or through an affidavit.

23. All documents/ESI on Michael Carter's phone(s) relating to Plaintiff.

24. All documents/ESI on Michael Carter's phone(s) relating to sexual harassment.

25. All documents/ESI on Michael Carter's phone(s) sent to or from Terrence Arnold.

26. Produce any electronically stored information which contains any of the ASCII strings in Appendix A received or sent by: Michael Carter.

27. Produce any electronically stored information that contains images depicting sexual acts, nudity, or images disparaging women, received or sent by Michael Carter.

28. All documents you intend to use as exhibits in the above-captioned action including, but not limited to, exhibits during depositions.

29. Any document relating to Plaintiff that you obtained from third parties, including, but not limited to, any employment records obtained in response to subpoenas.

| | |
|---|---|
| October 18, 2024 | Respectfully Submitted |
| | JANE DOE |
| Max P. Barack (IARDC No. 6312302) | |
| max@garfinkelgroup.com | |
| THE GARFINKEL GROUP, LLC | /s Max Barack |
| 701 N. Milwaukee Ave. | One of Plaintiff's Attorneys |
| The CIVITAS | |
| Chicago, IL 60642 | |
| (312) 736-7991 | |

Francisco Fernandez del Castillo
francisco@delcastillolawgroup.com
DEL CASTILLO LAW GROUP, LLC
11 E Adams Street
Suite 1401
Chicago, IL 60606
312 216 0111

**EXHIBIT A - Page 11 of 16**

Appendix A

adult film

adult video

anal

ass

bikini

bitch

bitches

blow job

boob

boobs

breast

breasts

butt

buttocks

butt hole

clit

clits

cock

cocks

cocksucker

coochie

coochy

cunt

cunts

dick

dicks

dildo

dildos

fag

faggot

fuck

fucking

fucking me

jerk

jerking me

g-string

joke

kiss

milf

milfs

muff

muff diver

naked

panties

pasties

pole dance

pack of beers

poontang

porn

pornography

prostitute

prostitutes

pussies

pussy

sex

sexual

sexual harassment

skank

skanks

slut

sluts

spit out

strip

suck

sucks

swap

swap party

swapping

tattoo

thong

**EXHIBIT A - Page 14 of 16**

tit

tits

topless

vagina

vaginas

vibrator

whore

whores

wife swap

XXX

Bearded oyster

Beaver

Beef curtains

Bikini bizkit

Cooter

Cha-cha

Furburger

Quim

Camel toe

on the rag

Knockers

tatas

Willy

Trouser snake

Wanking

Choking the monkey

Doing the nasty

Hide the salami

Spooge

Vagitarian