IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMANTHA LEHOTAN, | ) | |
| | ) | Case No. 24-cv-4674 |
| Plaintiff, | ) | |
| v. | ) | District Judge LaShonda A. Hunt |
| | ) | |
| DRIVELINE RETAIL MERCHANDISING, INC., | ) | Magistrate Judge Jeannice W. Appenteng |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is plaintiff's motion to compel, Dkt. 45. For the reasons below, plaintiff's motion to compel is denied.

Plaintiff Samantha LeHotan filed suit against her former employer, defendant Driveline Retail Merchandising, alleging defendant is liable for the conduct of plaintiff's supervisor, Michael Carter. Dkt. 55. Plaintiff alleges Carter raped her in 2022 and harassed her until she transferred teams at Driveline in 2023. *Id.* Plaintiff argues defendant is strictly liable for Carter's assault and harassment under state and federal law. Defendant responds that to the extent Carter acted unlawfully, defendant exercised reasonable care to prevent or correct his conduct, it provided adequate training to employees, and the alleged conduct was not authorized or condoned by defendant. Dkts. 9, 58.

Plaintiff filed a motion to compel electronically stored information (ESI) on Carter's personal phone. Dkt. 45. Plaintiff seeks forensic imaging of Carter's phone to find all ESI relating to plaintiff (RFP No. 23), all ESI relating to sexual harassment (RFP No. 24), and all ESI sent or received by Carter that contains a keyword identified by plaintiff, including "misogynistic or pornographic terms" (RFP No. 26).[1] Dkt. 45 at 2-3; Dkt. 62 at 2-4. Plaintiff asserts that Carter used his personal phone for Driveline business purposes, and she argues that the ESI on Carter's personal phone is relevant because it will corroborate her allegations of harassment and demonstrate that Carter's conduct materially altered the terms and conditions of her employment. Dkt. 62 at 2. Defendant argues Carter's personal phone is not in its possession, custody, or control. Dkt. 47 at 8-13.

---

[1] In her reply, plaintiff withdrew her request to compel all ESI sent to or from another witness (RFP No. 25). Dkt. 62 at n.2.

To determine whether ESI is within a party's possession, custody, or control under Rule 34, "the test is whether the party has a legal right to obtain [the evidence]." *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 839 (7th Cir. 2014) (quoting *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004)). This is a fact-intensive inquiry and "[t]he party seeking production of [ESI] bears the burden of establishing the opposing party's control over [the evidence]." *Trustees of Chicago Regional Council of Carpenters Pension Fund v. Drive Construction, Inc.*, 19-cv-2965, 2022 WL 2237621, at *2 (N.D. Ill. June 22, 2022) (citations omitted).

Plaintiff argues that defendant has possession, custody, or control over Carter's personal phone because Carter used the phone for business, as part of his employment with defendant. Dkt. 45 at 6; Dkt. 62 at 8-9. Although federal courts are divided, plaintiff correctly points out that some courts find an employer has possession, custody, and control of an employee's personal device if the employee used the device for business purposes. *Union Home Mortg. Corp. v. Jenkins*, No. 1:20CV2690, 2021 WL 1110440, at *9-10 (N.D. Ohio Mar. 23, 2021) (collecting cases). However, as plaintiff concedes, the employee must use the personal device for more than incidental or de minimis business purposes. *See, e.g.*, *Int'l Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, No. 3:12-CV-1058-SI, 2018 WL 6305665, at *3 (D. Or. Dec. 3, 2018) (denying motion to compel personal emails, cell phone records, and calendars when plaintiff failed to show that employees used accounts "for work correspondence more than a de minumus amount"); Dkt. 62 at 8. Plaintiff submitted for in camera review certain communications from Carter that she argues demonstrate his "regular" and "extensive use of his personal phone for business purposes." Dkt. 62 at 8-9. After reviewing the communications in their entirety, the Court disagrees with plaintiff's position.

Most of the submitted messages reflect non-business communication, such as discussing video games and social engagements. Although some messages contain work-related content, the Court disagrees with plaintiff's characterization of these messages. For example, plaintiff argues one exchange demonstrates Carter's use of the phone to coordinate work assignments, but the cited message merely asks whether plaintiff is available for a shift. Plaintiff points to another exchange, arguing it shows Carter's use of the phone to discuss employee timekeeping, but the cited messages simply ask whether plaintiff would like to be clocked in and how far away plaintiff and other employees are. Moreover, these types of messages are few and far between, comprising a small percentage of the messages that plaintiff submitted for in camera review.

In sum, the highlighted messages are brief exchanges on logistics rather than substantive business communications. The Court acknowledges that messages can be interpreted more than one way, but in exercising the Court's broad discretion, the Court finds Carter's use of his personal phone for business purposes was

incidental, at best, de minimus. This finding is bolstered by specific messages directing plaintiff to check messages sent from Carter's "work phone." Because the Court finds Carter's personal phone was only incidentally used for business purposes, the Court finds defendant does not have custody, possession, or control over the phone. Accordingly, the Court cannot compel its production. *Trustees of Chicago Regional Council of Carpenters Pension Fund*, 2022 WL 2237621, at *2-3.

Furthermore, even if Carter used his personal phone more extensively or substantively for work purposes, the Court finds plaintiff's requests are overly broad and not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Plaintiff seeks a forensic image of a third party's cell phone. "A 'forensic imaging' of a personal cell phone is a 'comprehensive data extraction' that 'captures a full-file system image (i.e., bit-for-bit copy) of accessible data,' including 'pictures, videos, chat histories, application data, location data, internet evidence, and deleted content.' Imaging [Carter's] personal phone would result in the collection of a vast amount of irrelevant information." *Sievert Elec. Serv. & Sales Co. v. Storako*, No. 22 CV 6380, 2025 WL 2084229, at *1 (N.D. Ill. July 24, 2025) (quoting Dennis Kiker *et al.*, *Commentary on Discovery of Mobile Device Data*, The Sedona Conference Working Group Series, May 2025, at 17-18).

Plaintiff maintains the search is targeted to find relevant information. The Court disagrees. Searching Carter's phone for anything related to sexually explicit terms, for example, is not targeted to discover the content specific to the harassment plaintiff alleges. *See Johns v. Chemtech Servs., Inc.*, No. 20 C 7299, 2021 WL 4498651, at *3 (N.D. Ill. Aug. 27, 2021) (explaining courts are "reluctant to compel forensic examinations of personal devices, mindful of the intrusiveness of this type of search and the broad range of personal and private information the search could yield"). Plaintiff suggests "[e]vidence that Carter sexually harassed other employees, which discovery of his cellphone *may* reveal," is relevant to bolstering plaintiff's credibility and demonstrating a hostile work environment. Dkt. 62 at 3-4 (emphasis added). But speculation about what a search may recover is not enough. *Johns*, 2021 WL 4498651, at *1-2 (citing *Belcastro v. United Airlines, Inc.*, No. 17 C 1682, 2019 WL 7049914 (N.D. Ill. Dec. 23, 2019)). Accordingly, the Court finds plaintiff's requests are not proportional to the needs of the case under Rule 26(b)(1). *See Hespe v. City of Chicago*, No. 13 C 7998, 2016 WL 7240754 (N.D. Ill. Dec. 15, 2016) (finding forensic imaging not proportional when breadth of search and speculative justification weighed against privacy interest in personal devices).

      For the foregoing reasons, plaintiff's motion to compel, Dkt. 45, is denied.

**So Ordered.**

Date: 10/15/20205

**Jeannice W. Appenteng**
**United States Magistrate Judge**